UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Paul Byers,

    Plaintiff,

vs.

City of Cincinnati,

    Defendant.

Case No. 1:13-CV-339

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court on Magistrate Judge Litkovitz's November 4, 2013 Report and Recommendation ("R&R"). (Doc. 9). The Magistrate Judge recommends that Defendant's Motion to Dismiss be granted for failure to state a claim and this case be closed on the docket of the Court.

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they failed to file objections in a timely manner. *See United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981). Plaintiff filed timely Objections (Doc. 11) and Defendant filed a Reply to the Objections (Doc. 12).

For the reasons stated below, the Court OVERRULES Plaintiff's Objections, and the R&R is ADOPTED in its entirety.

## BACKGROUND

Petitioner filed the *pro se* complaint in this matter on May 20, 2013, alleging Defendant City of Cincinnati ("the City") violation of his federal rights under the Equal

Protection clause of the Fourteenth Amendment to the United States Constitution. (Doc. 1).  The Magistrate Judge explained the allegations in Plaintiff's Complaint in great detail and the same will not be repeated here except to the extent necessary to address Plaintiff's Objections.

## ANALYSIS

When objections to a magistrate judge's R&R are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P 72 (b)(3).  After review, the district judge "may accept, reject, or modify the recommendation decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve any issues for review and "[a] general objection to the entirety of the magistrate's report has the same effect as would a failure to object."  *Neuman v. Rivers*, 125 F. 3d 315, 323 (6th Cir. 1997) (quoting *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991)).

Plaintiff's Objections are barely more than a general objection.  Nevertheless, the Court will consider the issues raised by Plaintiff's brief discussion.

Plaintiff first asserts that the "degree to which others are viewed as similarly situated depends substantially on the facts and context of the case," and cites *Jenning v. City of Stillwater,* 383 F.3d 1199, 1210-11 (10th Cir. 2004).

While this may be true as a general proposition of law, the facts of this case do not demonstrate that Plaintiff has alleged facts which would demonstrate that he is similarly situated to the vendors.  As the Magistrate Judge explained, it appears that

Plaintiff is claiming a "class of one" theory of equal protection which was recognized in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000).  The Magistrate Judge also explained that it appears that Plaintiff is claiming that the City's ordinances and legislative enactments imposing different administrative fees for off-duty police officers and vendors intentionally treated the officers, including Plaintiff, differently from similarly situated vendors for no legitimate reason.

However, the Magistrate Judge concluded that the off-duty police officers and the vendors are not similarly situated in any material aspect.  The Magistrate Judge explained that the off-duty officers are City employees who are bound by the collective bargaining agreement between their bargaining unit and the City, but the vendors are not employed by the City.  The Magistrate Judge noted that the City police officers render off-duty police service for which they are paid by the vendors, and the pay they receive is an incentive to perform those services.  In contrast, the vendors utilize the services of the off-duty police officers because they are unable to provide these public safety services themselves at their events, but they must pay for those services and the administrative fee.  Therefore, as the Magistrate Judge concluded, the mere fact that the police officers and vendors were required to pay an administrative fee at different points in time does not make the two groups similarly situated.

Next, Plaintiff asserts that the determination as to "whether individuals are similarly situated is generally a factual issue for the jury," and cites *Eggleston v. Bieluch,* 203 Fed. Appx. 257, 264 (11th Cir. 2006).  However, as the Magistrate Judge explained, Plaintiff's allegations do not show that there is no reasonably conceivable state of facts that could provide a rational basis for imposing a lower administrative fee

3

on vendors than on police officers who worked off-duty details. As the Sixth Circuit has explained:

> While we therefore must take as true all of the complaint's allegations and reasonable inferences that follow, we apply the resulting "facts in light of the deferential rational basis standard. To survive a motion to dismiss for failure to state a claim, *a plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to government classifications*."

*Bower v. Vill. of Mount Sterling*, 44 F. App'x 670, 677 (6th Cir. 2002) (quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 459-60 (7th Cir. 1992) (emphasis added)). As the Sixth Circuit went on to explain: "Moreover, a § 1983 plaintiff's challenge to the lack of a rational basis for an equal protection claim cannot succeed 'if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Id.* (quoting *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993)). As detailed by the Magistrate Judge in her R&R, the documents Plaintiff attached to the Complaint show that the City made a reasoned decision regarding the fee. Therefore, dismissal for the failure to state a claim is warranted.

4

**CONCLUSION**

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds no error in the Magistrate Judge's R&R conclusion that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  The R&R is **ADOPTED** in its entirety, and the Plaintiff's Objections are **OVERRULED**.  Defendant's Motion to Dismiss (Doc. 5) based upon a failure to state a claim is **GRANTED.**  This matter is dismissed with prejudice and shall be **CLOSED** on the docket of this Court.

**IT IS SO ORDERED.**

        */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court